IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIFFANY MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-2002 JTM/DJW |
| | ) | |
| FURNITURE DEALS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

This matter coming before the Court on the stipulation of the parties, Plaintiff and Defendant have agreed and consented to prohibit the disclosure of non-public, confidential, proprietary and/or sensitive information, documents and testimony that may be produced in discovery or otherwise provided or made available to parties in this matter, and the Court being fully advised in the premises:

To protect the privacy of the litigants, the privacy of persons unrelated to the case pending and the confidential nature of personnel files, medical records and reports, internal investigations of Furniture Deals, LLC into the incident and investigations of individuals who are not parties to this action, a protective order is appropriate.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**, that the following Protective Order be entered for good cause shown under Fed. R. Civ. P. 26 (c).

**A.**     **Scope of the Protective Order**

Any medical records, medical reports, personnel files, internal files, or portions thereof, and income tax returns pertaining to the plaintiff, all of which are maintained in a confidential manner by the parties, shall be deemed "Confidential Information" and shall be treated as confidential. For purposes of this Agreement and Order, the term "document" shall have the meaning as defined in Fed. R. Civ.P.34 (a).

**B.** **Procedure for Designating Material as Confidential Information**

1. The notation "Confidential" shall be stamped or otherwise marked on each designated document of the first page of designated documents with multiple pages. In lieu of marking originals, a party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the notation "Confidential" shall be marked on a label affixed to the disk, tape, or other medium on which the information is stored.

2. Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding. All copies of deposition transcripts that contain Confidential Information shall be marked "Confidential" on the cover.

3. Any Confidential Information produced pursuant to this Order shall be stored under the direct control and supervision of counsel in this case, who shall be responsible for preventing disclosure thereof, except in accordance with the terms of this Protective Order.

C. **Qualified Persons with Access to Confidential Information**

The designation by a party of documents, information or testimony as Confidential Information shall mean that such shall be used by the other party only for preparation for trial, trial and/or settlement of this action and shall not be disclosed or transmitted by the other party, verbatim or in substance, to anyone except the following:

1. The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2. The named parties to this litigation;

3. Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Agreement and Order;

4. Persons deposed in this lawsuit with a need-to-know Confidential Information, provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Agreement and Order and agree to abide by the same unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

5. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

   6. Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and,

   7. The Court and Court personnel.

**D.** **Restrictions on the Use and Disclosure of Confidential Information**

   1. A party obtaining access to items designated as "Confidential Information" by the other party shall use the information solely for preparation for trial, trial and/or settlement of this action.

   2. The parties, and their counsel of record, shall not discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Agreement and Order

   3. The restrictions set forth in this Order shall not apply to Confidential Information or material contained therein that:

    a. Was, is or becomes public knowledge, by means which are not in violation of the terms of this Protective Order;

    b. Is acquired from a third-party having the right to disclose such information or material; or,

    c. Was lawfully possessed by the party prior to entry by the Court of this Protective Order.

**E.** **No Admission or Waiver and Clawback Provision**

1.     The inadvertent or unintentional disclosure of any Confidential Information by a party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document, all identical copies shall be treated according to the most restrictive designation.

2.     The Court enters a "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information of document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered confidential discovery information under this Protective Order will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the

information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

**F.     Jurisdiction and Return of Documents**

1.     After final disposition of this case, by settlement or adjudication, including any appellate proceedings, either party may request leave to reopen the case to enforce any of the provisions of this Protective Order.

2.     Within sixty (60) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcripts, reproductions in any form whatsoever) produced or provided by a party shall be returned to the party's counsel. Each party shall certify in writing to the other party that all Confidential Information (excluding work product abstracts or summaries of Confidential Information) has been returned and all work product abstracts or summaries containing or referring to Confidential Information have been destroyed, as appropriate under this Paragraph. If the Confidential Information was obtained directly, from a source other than the opposing party, it shall be destroyed within sixty (60) days after the conclusion of this case and any appeal.

**G.     Dispute as to Confidential Information Designation**

1.      If a party believes that a document, testimony or other information that has been designated as Confidential is not entitled to be treated as Confidential, counsel for that party will notify in writing the other party's counsel of the disagreement with the confidential designation- indicating in such written notice a description of the documents and/or specific information about which it is challenging the Confidential Information designation. If the matter is not resolved by the parties themselves, within thirty (30) days of receiving the other party's written notice of objection, the party claiming confidentiality shall file a motion with the Court, which will be decided by the Court with or without the benefit of a hearing at the Court's discretion. The document, testimony or other information that has been designated as confidential shall be treated as confidential from the date of designation until resolution of such motion.

2.      The Court may enter whatever additional orders and/or sanctions it deems appropriate in order to secure the confidentially and/or Confidential Information and material contained therein which were produced pursuant to this Order, or which are necessary to address any violation of this Order.

3.      Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation

or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeal taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Agreement and Order may be offered in evidence at trial or any court hearing subject to such protective measures as may be provided by this Agreement and Order or directed by the Court.

4.  The provisions of this Agreement and Order shall apply from the date this Agreement and Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Agreement and Order.

5.  Any party may seek modification of this Protective Order by agreement of all parties and by motion to the Court.

**IT IS SO ORDERED.**

Dated this 7th day of June 2011, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

**APPROVED AS TO FORM AND SUBSTANCE:**

    s/Craig C. Blumreich
Craig C. Blumreich, #10119
LARSON & BLUMREICH, CHARTERED
5601 SW Barrington Court South
PO Box 4306
Topeka, Kansas 66604
(785) 273-7722
Fax: (785) 273-8560


    s/Lewis M. Galloway
Lewis M. Galloway, #20172
LG Law LLC
1600 Genessee Street, Ste. 918
Kansas City, MO 64102
(816) 442-7002
Fax: (816) 326-0820
lewis@lglawllc.com